**Ricky GALLOWAY, Plaintiff,**

v.

**CITY OF NEW ALBANY, MISSISSIPPI, Defendant.**

**No. 1:98CV396–S–A.**

United States District Court, N.D. Mississippi, Eastern Division.

April 4, 2000.

prosecutions to linger in the state system for

Jim Waide, West Point, MS, for plaintiff.

almost a year or more before trial is begun.

Matt Pesnell, Honorable Gary Friedman, Jackson, MS, for defendants.

T. Hunt Cole, Jr., David Miller, Jackson, MS, for State.

## OPINION

SENTER, Senior District Judge.

On April 3, 2000, this cause, in which plaintiff seeks to recover damages for the allegedly unconstitutional forfeiture of his truck and to obtain a declaration that the forfeiture statute at issue was unconstitutional, came before the court for nonjury trial after the parties waived their right to proceed before a jury pursuant to Fed. R.Civ.P. 39. Having heard and reviewed the evidence, the argument of counsel, and the applicable case law, the court is prepared to render its Rule 52 findings of fact and conclusions of law.

## FINDINGS OF FACT

By prior opinion and order, this court denied the motion of the City of New Albany to dismiss and the motion of the State of Mississippi for summary judgment. In that opinion, the court articulated the pertinent background facts. For the sake of brevity, the court will not repeat those findings here but incorporates in this opinion the background portion of the previous opinion as if fully set forth herein. The court makes the following additional factual findings. These findings are brief and pertain primarily to the issue of damages based on the stipulation of liability by the City of New Albany at the outset of trial.

(1) James C. Clark, the general sales manager of Metro Ford in Tupelo, Mississippi, testified that in his opinion plaintiff suffered damages for the loss of the use of the subject truck for 43 months in the amount of $14,300.00. However, when pressed on cross-examination, Clark revised his opinion to take into account the age and mileage of the Galloway vehicle. This revision was accepted by plaintiff who, in his counsel's summation, agreed that a reasonable sum for the loss of use of the vehicle was $12,900.00 ($300 per month

for 43 months). Although Mr. Clark opined that the truck suffered depreciation in the amount of $7,500.00 to $8,500.00, he also acknowledged that if the vehicle had been in use during this time period, it would have depreciated even more.

(2) The plaintiff, Ricky Galloway, testified that he paid $14,700.00 for the subject truck and had owned the vehicle less than one year at the time of the seizure. During the time the vehicle was in the possession of the City, Galloway continued to repay a loan he had obtained from Easy Finance which had been secured with the title to the truck. Galloway sold the vehicle for $8,500.00 after it was returned to him pursuant to the order of the Mississippi Supreme Court. According to plaintiff, the truck was in substantially the same condition as when the vehicle was seized. Galloway also testified that he was required to retain the services of an attorney (instant plaintiff's counsel) at a cost of $5,000.00 to contest the forfeiture of the vehicle. Galloway acknowledged that Chief of Police David Grisham did offer to return the truck shortly after its seizure but only if he waived his right to pursue litigation for the unlawful seizure. The documents presented by plaintiff clearly show his repeated attempts through counsel to secure the return of the vehicle. Finally, Galloway testified as to the mental and emotional distress occasioned by his arrest, the seizure of his vehicle, and the City's pursuit of the forfeiture even after his acquittal on the criminal charges. Specifically, plaintiff testified that he was embarrassed and humiliated and lost sleep because of the City's actions although he acknowledged he did not complain to anyone about these problems.

(3) Chief Grisham testified that the City performed repairs and maintenance on the truck in the amount of $471.90 after it was awarded ownership in the lower court in anticipation of selling the vehicle. Chief Grisham admitted that many of the repairs were necessitated because the truck had been sitting idle in the salvage yard.

## CONCLUSIONS OF LAW

(1) Because the City admitted liability in this case, i.e., it admitted that it deprived plaintiff of his property without due process of law, the court focuses its conclusions on the issue of damages.

■ (2) The court begins the assessment with the value of the lost use of the truck. The court believes that a fair sum is that accepted by plaintiff—$12,900.00. The court rejects the City's arguments (1) that its liability attached only for the three-month period in which it failed to file the forfeiture petition or (2) that its liability ceased at the point that the lower court granted the forfeiture. At no time, and despite repeated entreaties from plaintiff's counsel, did the City attempt to provide plaintiff with any semblance of a hearing until after the conclusion of the criminal case. Even then, when faced with a finding that there was no evidence that plaintiff was involved in the alleged drug sale, logically translating into a conclusion that plaintiff was at the very least an innocent owner (which was indeed later found by the Mississippi Supreme Court), the City relentlessly pursued the forfeiture. It cannot seek refuge behind a state court judgment it set in motion.

■ (3) The court does not believe plaintiff is entitled to any damages for the loan payments he made while the truck was in the possession of the City. Those payments would have continued and been plaintiff's responsibility even if the seizure and forfeiture had not occurred. Likewise, the court does not find that plaintiff is entitled to any sum for depreciation of the vehicle. As Mr. Clark acknowledged, the vehicle actually depreciated less than it would have if plaintiff had been driving it every day. In that same vein, the court does find, however, that the City is entitled to an offset of $471.90 for the repairs and maintenance it did on the vehicle. Although some of these repairs were occasioned by the truck sitting unused for the time period in question, the court is of the opinion that for the most part they were more in the nature of routine maintenance which would have arisen regardless of who was in possession of the vehicle.

■ (4) The court also finds that plaintiff is entitled to recover the $5,000.00 he was obligated to pay his attorney for pursuing the return of the vehicle. Plaintiff diligently tried to regain possession of the vehicle at a minimum of expense to himself and to the City, but the City steadfastly refused to consider a compromise without an agreement by plaintiff that he would not pursue any civil remedies for the unlawful forfeiture. The City's blind pursuit of the forfeiture, especially after the acquittal, increased plaintiff's legal fees and did nothing to minimize the City's exposure.

■ (5) Finally, the court believes that plaintiff is entitled to recover mental and emotional distress damages for the City's course of conduct in this case. In this court's view, plaintiff's testimony of shame, humiliation, and embarrassment among his co-workers, friends, and family and an attendant sleeplessness is in and of itself sufficient evidence, without any corroboration, to support such an award under *Migis v. Pearle Vision, Inc.,* 135 F.3d 1041, 1046–47 (5th Cir.1998). Unlike the attorney in *Brady v. Fort Bend County,* 145 F.3d 691 (5th Cir.1998), instant plaintiff's counsel did not put these manifestations of emotional distress into his client's mouth. Furthermore, plaintiff was specific about the type of emotional harm he suffered and was quite credible in his presentation. Indeed, the court was presented with a plaintiff with no prior criminal record who not only was forced to defend against criminal charges but also was deprived of his property without due process of law even after being cleared of those charges. It is not unfathomable that in those circumstances plaintiff would have suffered the distress that he expressed. The court therefore awards plaintiff an additional $10,000.00 for mental and emotional distress, for a total award of $27,428.10.

(6) Turning now to plaintiff's request for a declaration that the forfeiture statute under which the City acted was unconstitutional, the court declines to grant plaintiff further relief in that regard. Although the court does not retreat from anything that it previously stated in the opinion denying the State's motion for summary judgment, it does not believe that further judgment in that regard is warranted. As the State points out, the statute at issue is no longer viable, having been amended in 1996, and with the City's stipulation that it violated plaintiff's constitutional rights, a declaration on the constitutionality of the statute is no longer necessary to support plaintiff's request for damages.